UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICAH ROEMEN, | **4:19-CV-4006-LLP** |
| Plaintiff, | |
| TOM TEN EYCK and MICHELLE TEN EYCK, Guardians of Morgan Ten Eyck, | **ORDER** |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, ROBERT NEUENFELDT, individually and UNKNOWN SUPERVISORY PERSONNEL OF THE UNITED STATES, individually, | |
| Defendants. | |

Plaintiff Micah Roemen and Morgan Ten Eyck filed complaints against the United States of America, and against Robert Neuenfeldt and Unknown Supervisory Personnel of the United States in their individual capacities. Docs. 21 (19-4006); 1 (19-4007). Per the Court's August 10, 2020 Order, these cases have been consolidated under Civ. No. 19-4006. Docs. 35 (19-4006); 30 (19-4007).

Count I of Plaintiffs' complaints is a negligence claim and Count III is a common law assault and battery claim. Docs. 21 (19-4006); 1 (19-4007). As stated by the Court in its May 28, 2020, Memorandum Opinion and Order, "[u]nder the [Federal Tort Claims Act], the United States is liable, as a private person, for 'injury or loss of property, or personal injury or death cause by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." The Court acknowledged in that May 2020 opinion that the United States Attorney had filed a Certification of Scope of Employment pursuant to 28 C.F.R. § 15.4 certifying that Neuenfeldt was an employee of the federal government and was acting within the scope of his office or employment at the time of the alleged conduct with respect to Counts I and III of the complaints alleging negligence and common law assault and battery. Accordingly,

1

the Court dismissed without prejudice Counts I and III as alleged against Neuenfeldt.  Presently, the Government is the sole defendant with respect to these Federal Tort Claims Act ("FTCA") claims.

Counts II of and IV of Plaintiffs' complaints are *Bivens* claims.  Docs. 21 (19-4006); 1 (19-4007).  Specifically, Count II alleges that Neuenfeldt, acting under color of federal law, violated Plaintiffs' rights under the Fourth Amendment to be free from unreasonable searches and seizures and deprived them of their right to life and liberty under the Fifth Amendment without due process of law.  Docs. 1, ¶¶ 41-54; 21, ¶¶ 40-52.  Count IV alleges that "Unknown Supervisory Personnel of the United States" "implemented and maintained customs, policies, and/or practices to encourage the use of excessive force by Defendant Neuenfeldt" and that they "participated in, encouraged, fostered, condoned, and ratified the conduct of Defendant Neuenfeldt when [he] used excessive force in the pursuit and injuring of [Plaintiffs]."

Plaintiffs and Defendant Neuenfeldt have moved for a jury trial on all issues so triable.  Docs. 21, 32 (19-4006); 1, 27 (19-4007).  The United States, in its Ninth Affirmative Defense to Plaintiffs' complaints, has stated that Plaintiffs are not entitled to a jury trial on the Federal Tort Claims Act cases and requests a court trial.  Docs. 22 (19-4006); 13 (19-4007).

The FTCA claims (Counts I and III) will be tried to the Court since there is no right to a jury trial under the FTCA.  *See Carlson v. Green*, 446 U.S. 14, 28 n.1 (1980) (Powell, J. and Stewart, J., concurring).  There is a right to a jury trial on *Bivens* claims and Plaintiffs' *Bivens* claims (Counts II and IV) will be tried to a jury.  *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 55-56 (1951) (suggesting bifurcation when FTCA claims are joined with claims carrying the right to a jury)).  Given that a judgment in a FTCA claim may preclude Plaintiffs from bringing a *Bivens* claim regarding the same subject matter, it appears to the Court that Plaintiffs should elect which claims are first tried.  *See Simmons v. Himmelreich*, 136 S.Ct. 1843, 1847 (2016) ("Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts."); *Manning v. United States*, 546 F.3d 430, 437-38 (7th Cir. 2008) (holding that judgment on an FTCA claim requires a vacatur of an earlier judgment on a *Bivens* claim); *Estate v. Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 859 (10th Cir. 2005) (holding that the

judgment bar rule applies to retroactively bar a *Bivens* judgment entered prior to a FTCA judgment).

      Accordingly, it is hereby ORDERED that on or before December 18, 2020, Plaintiffs shall inform the Court in a filing whether they intend to first try their *Bivens* or FTCA claims. The Court will subsequently issue an order setting trial dates.

      Dated this 9th day of December, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____