UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICAH ROEMEN, TOM TEN EYCK, Guardian of Morgan Ten Eyck; and MICHELLE TEN EYCK, Guardian of Morgan Ten Eyck, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, ROBERT NEUENFELDT, individually and UNKNOWN SUPERVISORY PERSONNEL OF THE UNITED STATES, individually, <br><br> Defendants. | 4:19-CV-4006-LLP <br><br> **ORDER REQUESTING HEARING** |

    Plaintiff, Micah Roemen, has asked that the Court take judicial notice of average annual wages for an aircraft technician and a receptionist as compiled and published by the United States Department of Labor. It appears that the parties have an opportunity to be heard on this issue even though the trial was completed. Over four (4) months before the request, Plaintiffs, within the briefing schedule, asked the Court to take judicial notice that the U.S. Bureau of Labor Statistics average annual wage for an aviation technician is $75,450 and the average annual wage for a receptionist is $33,960. (Doc. 263 at 23729 n.18, 19).

    Federal Rules of Evidence 201(d) provides that "the Court may take judicial notice at any stage of the proceedings." Fed. R. Evid. 201(d). Rule 201(e) of the Federal Rules of Evidence provides "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(g).

    The Court initially considered the request untimely as evidence was closed and there was no request to reopen the record, but on its own reconsideration, in view of Rule 201(d), the Court concludes that Plaintiff Micah Roemen should be heard on the request to take judicial notice.

    For some guidance on the Court's concern, if this was a jury trial, the facts in question would not be the subject of judicial notice as it would appear to close off inquiry on that issue. Instead, there would be facts stated by a witness with the documents in question being put into

evidence in order to support a claim for damages. The witness that put forward the damage claim, supported at least in part by these documents, would be subject to cross-examination, rebuttal evidence and argument. *See Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2005). These two documents are evidence of the average annual wage paid an aircraft technician and the average annual wage paid a receptionist. These documents are some, but not the only evidence of Micah Roemen's loss of future earning capacity. Aircraft technician salary and receptionist salary are only some evidence of what Micah Roemen could earn given the limitation of his disability, but there is also other evidence under South Dakota law to consider for loss of earning capacity. *See Allen v. Mortley*, 87 N.W.2d 355, 358 (S.D. 1958); *see also Byre v. Wieczorek*, 217 N.W.2d 151, 155 (S.D. 1974). The Court notes that under South Dakota law, the issue is loss of earning capacity as distinguished from loss of earnings. *See Allen*, 87 N.W.2d at 1358. The Court believes the information put forth by Plaintiffs is adjudicative facts rather than legislative facts as those distinctions are made in the Advisory Committee Notes to Rule 201.

      The Court will hear the parties' arguments on this issue remotely. The parties should confer and advise the Court of when they are next available for the hearing. The hearing will be argument only and no evidence will be received.

      IT IS SO ORDERED.

      Dated this 27th day of January, 2025.

BY THE COURT:

*/s/ Lawrence L. Piersol*

Lawrence L. Piersol
United States District Judge